# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AKWEI ADDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-07-60-F |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is Defendant United States' Motion to Dismiss, filed January 29, 2007 (doc. no. 11).  Plaintiff has responded, and upon due consideration of the parties' submissions, the court makes its determination.

On December 14, 2006, plaintiff filed a small claims action against the South Penn Post Office/(Manager) The Postmaster (George Fram[e]) in the District Court of Oklahoma County, State of Oklahoma. In his affidavit, plaintiff alleged that defendant was indebted to plaintiff in the sum of $785 for "not carrying services" to an individual in Bronx, New York.  On January 16, 2007, the United States of America removed the action to this court pursuant to 28 U.S.C. § 2679, the Federal Tort Claims Act ("FTCA").  Shortly thereafter, the United States filed a motion to substitute itself in the action as defendant.  The motion was granted, and subsequently, the United States filed its dismissal motion.  The United States seeks to dismiss plaintiff's action, pursuant to Fed. R. Civ. P. 12(b)(1), on the basis that the court lacks subject matter jurisdiction over the action.

It is well-established that the United States, as sovereign, is immune from suit unless Congress has authorized it. Miller v. U.S., 463 F.3d 1122, 1123 (10th Cir. 2006), Three-M Enterprises, Inc. v. U.S., 548 F.2d 293, 294 (10th Cir. 1977). The FTCA, enacted by Congress in 1946, waives sovereign immunity for claims against the United States for money damages "'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.*, quoting 28 U.S.C. § 1346(b)(1).

As stated by the United States Supreme Court, "[t]he FTCA qualifies its wavier of sovereign immunity for certain categories of claims (13 in all). If one of the exceptions applies, the bar of sovereign immunity remains." Dolan v. U.S. Postal Service, 126 S.Ct. 1252, 1256 (2006). One of the enumerated exceptions, 28 U.S.C. § 2680(b), pertains to postal operations. Section 2680(b) provides:

> "The provisions of this chapter and section 1346(b) of this title [waiving sovereign immunity] shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."

*See*, 28 U.S.C. § 2680(b).

The court concludes that plaintiff's allegations constitute a claim arising out of "the loss, miscarriage, or negligent transmission of letters or postal matter."[1] The court therefore concludes that "the bar of sovereign immunity remains," *see* Dolan, 126 S.Ct. at 1256, and dismissal of this suit is warranted for lack of subject matter

---

[1] In his response, plaintiff suggests his mailed package was stolen. Even if such suggestion is true, the court concludes that plaintiff's claim would still fall within the § 2680(b) exception. *See*, Marine Ins. Co. v. United States, 378 F.2d 812, 814 (1967); *see also*, C.D. of NYC, Inc. v. U.S. Postal Service, 2005 WL 3322993 (2d Cir. 2005), *cert. denied*, 127 S.Ct. 346 (2006).

jurisdiction. *See*, *e.g.*, Georgacarakos v. U.S., 420 F.3d 1185 (10th Cir. 2005) (affirming district court's dismissal for lack of subject matter jurisdiction as to claim falling within the postal-matter exception of § 2680(b)).

Even if the court were to conclude that plaintiff's claim did not come within the postal-matter exception of § 2680(b), the court still lacks subject matter jurisdiction over plaintiff's FTCA claim because he has not alleged exhaustion of his administrative remedies. Before a party may bring suit under the FTCA, the party must have "presented the claim to the appropriate Federal agency and [his] claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999) (The FTCA bars a claimant from bringing suit against the United States until he has exhausted his administrative remedies). Under 28 C.F.R. § 14.2, a claim is presented if the agency receives either "an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain." Plaintiff does not dispute that he did not file an administrative claim. He asserts, however, that he contacted the "South Penn Post Office a minimum of six (6) times" and visited the "Oklahoma City Postal Head Office." *See*, plaintiff's response, p. 2. Plaintiff contends that the managers should have advised him what processes or procedures he should have taken to exhaust his administrative remedies. Plaintiff, however, has not cited any authority to require the government to have advised him of the processes or procedures to exhaust his administrative remedies in order to bring an action under FTCA. The court concludes that no such requirement exists. *See*, Gerry v. Behr, 1988 WL 782015, at *5 (E.D.N.Y. November 6, 1998) (claimant not entitled to relief from FTCA exhaustion requirement because Veterans Administration did not inform claimant of his administrative remedies); *see also*, Yousef v. Reno, 254 F.3d 1214, 1221 (10th Cir. 2001) (rejecting federal inmate's argument that authorities should have

3

told him he needed to follow administrative procedures to exhaust claim brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)).

In his response, plaintiff requests the court to remand this case to the level of administrative proceeding. The court construes this request as a request to stay this action to allow plaintiff to proceed with the exhaustion of the administrative remedies. The court, however, denies such request. Even if plaintiff's claim did not fall within the exception of 2680(b), the court concludes that a stay would not be appropriate. The Tenth Circuit has stated that "as a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." Duplan, 188 F.3d at 1199 (quotation omitted). According to the Tenth Circuit, "[a]llowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." Id. (citation omitted).

Based upon the foregoing, Defendant United States' Motion to Dismiss, filed January 29, 2007 (doc. no. 11 ) is **GRANTED**. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(1).

DATED March 27, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0060p005(pub).wpd